# United States Court of Appeals for the Fifth Circuit

---

No. 22-50713
CONSOLIDATED WITH
No. 22-50715
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDRES AJUALIP-PABLO,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-147-1; 4:22-CR-181-1

---

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges.*

PER CURIAM:[*]

Andres Ajualip-Pablo appeals his sentence of 27 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegal reentry after removal, as well as the revocation of the term of supervised release he was serving at the time of the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

offense.    Regarding the illegal reentry sentence, he argues that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment and one year of supervised release based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Because Ajualip-Pablo does not address the revocation or the revocation sentence, he has abandoned any challenge to them.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Ajualip-Pablo has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  He explains that he has raised the issue to preserve it for possible further review.  Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Ajualip-Pablo's motion is GRANTED, and the district court's judgments are AFFIRMED.